James Darryl **ALLEN,** Petitioner–
Appellant,

v.

Gail **LEWIS,** Warden, Respondent–
Appellee.

No. 01–15503.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001*

Filed June 27, 2001

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James D. Allen, petitioner-appellant, pro se.

Dane Gillette, Senior Assistant Attorney General of the State of California, San Francisco, California, for the respondent-appellee.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

PER CURIAM:

James Allen was convicted in state court of robbery in violation of California law. His conviction became final on December 10, 1996. He filed a state habeas petition on October 30, 1997, which was denied on November 24, 1998. He filed his federal habeas petition *pro se* on January 20, 1999, which the district court dismissed as untimely, and Allen appeals.

I

Allen's federal habeas petition was due within one year from the time his state conviction became final. 28 U.S.C. § 2244(d)(1). Yet, the district court found that 771 days-over two years-elapsed between the date his conviction became final, December 10, 1996, and the date he submitted his federal habeas petition, January 20, 1999. Although the district court subtracted 390 days from this period because the statute of limitations was tolled while Allen's state habeas petition was pending, *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), this still left 381 days during which Allen had not submitted his federal habeas petition, which is sixteen days beyond the one-year statute of limitations. Allen does not dispute these calculations.

Rather, Allen argues that the statute of limitations should have been equitably tolled for an additional 27 days during which he was transferred between state prisons and lost access to all of his property, including legal and non-legal materials necessary to the preparation of his habeas petition.

In order to win equitable tolling, a prisoner must demonstrate 1) "extraordi-

nary circumstances beyond [the] prisoner's control" that 2) "ma[de] it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997) (internal quotation marks omitted).[1] Although a transfer between prisons is not especially unusual, Allen's transfer was certainly beyond his control, and, therefore, it is possible that he meets the first requirement of the *Beeler* test.[2] Nonetheless, we need not decide whether he meets the first requirement because he cannot meet the second requirement.

## II

■ Although we have not yet had an occasion to describe the showing a prisoner must make in order to demonstrate that the "extraordinary circumstances" made it "impossible to file a petition on time," the other two Circuits that have considered the question have held that, at the very least, the prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000) (holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir.2000) (rejecting equitable tolling claim because, even if temporary closure of prison library constituted extraordinary circumstances, prisoner "has not shown how this lack of access caused his delay in filing"). We find these holdings persuasive and we follow them. It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles. *Valverde*, 224 F.3d at 134 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the ex-

---

1. Allen asks us to extend *Beeler* and to allow equitable tolling in the additional situation of "wrongful conduct" on the part of prison officials. *See Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996). We have no occasion to extend *Beeler* in this case because Allen does not allege any "wrongful conduct" on the part of prison officials. There is nothing to suggest that his prison transfer was done in anything but the ordinary course of prison administration.

2. Several courts have considered similar claims. *See Helton v. Secretary for the Dept. of Corrections*, 233 F.3d 1322, 1325 (11th Cir.2000) (holding circumstances were extraordinary where "[n]ot only did Helton receive incorrect information as to the relevant statute of limitations, but he was further prevented from discovering the appropriate calculation due to the found deficiencies in the prison library system"); *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000) ("Intentional [permanent] confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law."); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir.2000) (assuming "short closing of prison law library [for 15 days] could be considered 'extraordinary' "); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617–18 (3d Cir.1998) (remanding for consideration of equitable tolling on prisoner's claims that "he was delayed in filing his petition because he was in transit between various institutions and did not have access to his legal documents"); *cf. Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam) (suggesting that "unavailability of AEDPA in the prison law library" for several months might justify equitable tolling). *But cf. Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir.2000) (holding that absence of AEDPA from prison law library for several months did not justify equitable tolling).

traordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken...."); *Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir.1999) (rejecting equitable tolling claim because prisoner "still had over six months to complete his federal habeas petition after his return to his usual quarters" and noting that, "[i]f this event had occurred shortly before the required filing, Fisher would have a stronger case").

In this case, Allen produced no evidence demonstrating that the loss of access to his habeas materials for 27 days due to his prison transfer made it impossible for him to file his federal habeas petition 16 days earlier. The prison transfer began on January 9, 1997, and ended on February 6, 1997. The statute of limitations began to run when his state conviction became final, on December 10, 1996. Thus, the transfer began a mere one month into limitations period. This left Allen with the better part of the limitations period in which he could have filed his federal petition uninhibited by the prison transfer. It is clear that any effect the prison transfer had on the preparation of his habeas materials was dissipated during these many months. *Marsh*, 223 F.3d at 1221 (holding that causation was not demonstrated where prisoner claimed equitable tolling on the basis of the closure of the law library for 15 days, even though the closure took place near the end of the limitations period); *Fisher*, 174 F.3d at 715–16 (holding that causation was not demonstrated where prisoner "still had over six months to complete his federal habeas petition" after the termination of the allegedly extraordinary circumstances).

AFFIRMED.