**Donald WASHINGTON, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden, Respondent–Appellee.**

No. 00–55862.

D.C. No. CV–99–06055–R.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Jan. 2, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM**

California State prisoner Donald Washington appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for first-degree murder, attempted murder, discharging a firearm from a vehicle, and great bodily harm as untimely under 28 U.S.C. § 2254(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Washington's federal

habeas petition, *Patterson v. Gomez,* 223 F.3d 959, 963 (9th Cir.2000), and we affirm.

Washington contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations period, because he allegedly was "abandoned by his lawyer while incarcerated in state prison as a mentally handicapped pro se prisoner." We disagree.

The AEDPA's limitation period began to run in Washington's case on April 25, 1996, as his state conviction became final in 1993. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). Absent any tolling during the pendency of an application for State post-conviction review, *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), Washington was required to file his federal habeas petition no later than April 24, 1997, *see Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir. 2001) (concluding that Fed.R.Civ.P. 6(a)'s method for computing time period applies in federal habeas actions). Washington, nevertheless, filed his first habeas petition in the State court 16 months after expiration of the one-year statute of limitations, and thus his first federal habeas petition more than 24 months after the expiration of the statute of limitations.

Where, as here, a petitioner seeks equitable tolling of the statute of limitations, a petitioner must demonstrate extraordinary circumstances beyond his control that made it impossible to file a petition on time. *Allen v. Lewis,* 255 F.3d 798, 799 (9th Cir.2001), *citing Calderon v. United*

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997).

In this case, however, Washington has failed to show that equitable tolling of the statute of limitations was warranted. The district court therefore properly dismissed Washington's petition as untimely. *See* 28 U.S.C. § 2244(d); *Allen,* 255 F.3d at 800–01 (requiring prisoner to show that the extraordinary circumstances warranting equitable tolling were the but-for and proximate cause of his untimeliness).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Gosney's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.