Donald G. GOSNEY, Petitioner–
Appellant,

v.

State of WASHINGTON, Respondent–
Appellee.

No. 01–35149.

D.C. No. CV–00–00194–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Donald G. Gosney appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. Gosney seeks to challenge his state conviction for three counts of first degree rape of a child and four counts of first degree child molesta-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Gosney's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We granted a certificate of appealability ("COA") on the sole issue of whether Gosney's § 2254 petition was timely filed.[1] Based on our de novo review, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we conclude that the petition was untimely.

A one-year statute of limitations is imposed on the filing of a § 2254 petition. § 2244(d)(1); *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001). The statute of limitations in this case began to run on March 4, 1997, when Gosney's conviction became final. § 2244(d)(2); *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir.2001). Absent any tolling, Gosney's § 2254 petition was due by March 4, 1998. *See Tillema*, 253 F.3d at 498.

The statute of limitations is tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Therefore, the statute of limitations was tolled from December 1, 1997, when Gosney filed his state petition for post-conviction relief, until October 5, 1999, when the Washington Supreme Court rejected his final collateral challenge. *See id.* Gosney then had until January 6, 2000 in order to file his § 2254 petition. *See id.* Because he did not do so until February 7, 2000, his petition was untimely.

To the extent that Gosney contends that the limitations period should have been equitably tolled because the state court failed to provide him with transcripts of his arraignment hearing, that contention is also unavailing. Equitable tolling of the statute of limitations is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Miles*, 187 F.3d at 1107.

Even if the state court's failure to provide Gosney with the transcripts of his arraignment could be considered an extraordinary circumstance beyond his control, it would not have made it impossible for Gosney to file his petition on time. *See Allen v. Lewis*, 255 F.3d 798, 800–01 (9th Cir.2001) (per curiam) (requiring petitioner to show that the extraordinary circumstance is the "but-for" and proximate cause of the untimeliness).

Accordingly, the district court properly dismissed Gosney's § 2254 petition as untimely. 28 U.S.C. § 2244(d)(1).

**AFFIRMED.**[2]

---

1. Gosney raises many other issues in his brief, which we do not consider because they fall outside the scope of the COA. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999)

(per curiam), *cert. denied*, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

2. All outstanding motions are denied as moot.