**Raul Segura SANCHEZ, Petitioner–Appellant,**

v.

**Steven CAMBRA, Jr., Warden, Respondent–Appellee.**

No. 99–15969.

D.C. No. CV–98–05329–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Jan. 7, 2002.

---

Before HAWKINS and TASHIMA, Circuit Judges, and WILKEN,* District Judge.

## MEMORANDUM **

Appellant Raul Segura Sanchez appeals the district court's denial of his petition for writ of habeas corpus as untimely. Sanchez contends that a series of back-to-back prison lockdowns and lack of assistance for non-English speaking inmates constitute extraordinary circumstances that equitably tolled the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1).

■■■ Equitable tolling of this limitations period is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (internal citations omitted). *See also Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001). In addition, statu-

---

* Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tory tolling is available until an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B). In *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc), we emphasized that "determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent."

Sanchez filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal district court on or about November 13, 1997. Sanchez's conviction became final prior to the passage of AEDPA, and so he had until April 24, 1997 to file his petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001). However, Sanchez filed a State habeas petition on April 21, 1997—three days before AEDPA's statute of limitations would otherwise have run—thus tolling the statute until the California Supreme Court rejected his petition. The California Supreme Court denied Sanchez's petition on July 30, 1997, and the decision became final on August 29, 1997. Absent statutory or equitable tolling, the one-year statute of limitations would have run before Sanchez filed his federal habeas petition in November.

In response to the State's motion to dismiss his habeas petition as untimely, Sanchez argued that he was prevented from filing his habeas petition in a timely manner due to prison lockdowns and limited legal resources for prisoners who speak only Spanish. In support of this, Sanchez submitted a series of prison "lockdown orders." These documents do not make clear the specific dates on which Sanchez was subjected to lockdown and do not detail the specific restrictions imposed upon Sanchez during the relevant time period.[1] The magistrate judge below recommended that Sanchez's federal habeas petition be rejected as untimely under AEDPA, citing a lack of evidence that Sanchez was diligent in pursuing access to the prison law library and bilingual legal materials and assistance and was personally prevented from filing a timely petition due to these conditions.

Sanchez filed objections to the magistrate judge's findings and recommendations, arguing that the frequent prison lockdowns and lack of bilingual legal assistance constituted extraordinary circumstances triggering equitable tolling of the limitations period.[2] Sanchez submitted a

---

1. The magistrate judge found that the law library was open for general use on approximately 122 days from the time AEDPA was enacted until the end of April, 1997. However, because the magistrate judge failed to use the prison mailbox rule in calculating how long the limitations period was tolled during state habeas proceedings, no findings were made regarding law library access from May, 1997 until November, 1997 (when Sanchez filed his federal habeas petition). This period is relevant in determining whether Sanchez was prevented from filing a timely petition due to the lockdowns. Further, as stated above, the magistrate judge's findings are necessarily imprecise because the lockdown orders do not indicate the length of each lockdown (often stating that the lockdown is in effect "until further notice" or is "subject to change"). Nor is it evident from the record which law library access limitations indicated in the lockdown orders operated to exclude Sanchez (some restrict only African-Americans, or Hispanics, or Northern or Southern Hispanics).

2. Sanchez also argued that the prison conditions were a State-created impediment under § 2244(d)(1)(B). However, the certificate of appealability (COA) is limited to the issue "whether the district court correctly determined that the statute of limitations had expired and that no extraordinary circumstances tolled the limitations period." This is

**254**

declaration in support of his objections stating that he was diligent in pursuing access to the library and Spanish-language resources, but his requests were not fulfilled. In support of his declaration, Sanchez submitted evidence that his prison law library file, which would ordinarily contain proof of his attempts to access the library, was missing. It appears that the State was not asked to respond to Sanchez's declaration, and the district court held no evidentiary hearing. The district court adopted the findings and recommendation of the magistrate judge.

■ The district court's decision was rendered before our en banc decision in *Whalem/Hunt.* It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Id.* at 1148. Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," *id.,* we REVERSE and REMAND to the district court for appropriate development of the record. To do this, the district court may, but need not, request further briefing by both parties and conduct an evidentiary hearing if necessary.

REVERSED AND REMANDED.

---

the only issue we address. We decline to address whether "wrongful conduct" on the part of the State should equitably toll the limitations period, as this is outside the scope of the COA. We do not intend, however, to foreclose further development of the record on remand on these issues.

