**Miguel Angel RAMIREZ,**
**Petitioner–Appellant,**

v.

**E.K. MCDANIEL, Warden,**
**Respondent–Appellee.**

No. 01–17008.

D.C. No. CV–00–00282–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Miguel Angel Ramirez appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition challenging his Nevada State guilty-plea conviction for burglary and battery as untimely under 28 U.S.C. § 2244(d). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Ramirez's federal habeas petition, *see Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th

Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001), and we affirm.

Ramirez contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations period on three separate grounds: 1) untimely delivery and receipt of remittitur; 2) administrative segregation resulting in denial of access to legal documents; and 3) exceptional circumstances regarding the merits of his petition. We disagree.

The AEDPA's limitation period began to run in Ramirez's case on April 24, 1996, as his state conviction became final in 1986. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). Absent any tolling during the pendency of an application for State post-conviction review, *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), Ramirez was required to file his federal habeas petition no later than April 24, 1997, *see Patterson,* 251 F.3d at 1245–46. Ramirez, nevertheless, did not file his first notice of appeal in the Nevada State courts until almost 10 years after his conviction became final and only 2 months before the expiration of the AEDPA one-year statute of limitations. Thus his § 2254 federal habeas petition was not filed until more than 3 years after the expiration of the statute of limitations.

Where, as here, a petitioner seeks equitable tolling of the statute of limitations, a petitioner must demonstrate extraordinary circumstances beyond his control that made it impossible to file a petition on time. *Allen v. Lewis,* 255 F.3d 798, 799–800 (9th Cir.2001). In this case, however, Ramirez has failed to show that equitable tolling of the statute of limitations was warranted. Ramirez did not make any efforts with respect to seeking state appellate relief until 315 days after the AEDPA statute of limitations had begun to run.

---

That Ramirez had so little time to file his federal habeas petition following the denial of his state appeal was a direct result of Ramirez's failure to act diligently in filing his state appellate motions for relief. Ramirez has not alleged facts sufficient to establish that "external forces, rather than [his] lack of diligence, account for his failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Accordingly, the district court properly dismissed Ramirez's petition as untimely. See 28 U.S.C. § 2244(d); *Allen*, 255 F.3d at 800–01 (requiring prisoner to show that the extraordinary circumstances warranting equitable tolling were the but-for and proximate cause of his untimeliness).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.