**Keith Eugene BARTON, Petitioner—Appellant,**

**v.**

**C.K. PLILER, Respondent—Appellee.**

**No. 01–56503.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided April 10, 2003.

Before: B. FLETCHER and HAWKINS, Circuit Judges, and BURY,* District Judge.

MEMORANDUM **

Petitioner–Appellant Keith Eugene Barton appeals the district court's dismissal on timeliness grounds of his petition for a writ of habeas corpus. Barton argues that

* Honorable David Bury, of the United States District Court for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court should have equitably tolled the statute of limitations for a period of thirteen months during which he claims the prison lost his legal materials. The district court rejected this claim, finding that Barton failed to adduce sufficient evidence of (1) the actual loss of the documents for the time period in question and (2) the existence of "extraordinary circumstances beyond [Barton's] control" that made it impossible for him to file a petition on time. We affirm.

Barton argues on appeal, as he did below, that he is also entitled to equitable tolling of the statute of limitations for the period from November 1997 through December 10, 1998, during which period he claims his legal materials were lost. Barton maintains, correctly, that if the statute of limitations were so tolled, his habeas petition would have been timely.[1]

"[E]quitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)); *see also id.* (noting that "when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate"). The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. *United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999).

Here, we agree with the magistrate judge that Barton has failed to meet this burden. The one Ninth Circuit case he cites actually weighs *against* a finding of timeliness in this case. *See Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001) (holding that, in order to support a finding of "extraordinary circumstances" sufficient to warrant equitable tolling, the petitioner must show that the circumstances were the "but-for and proximate cause of his untimeliness"); *see also id.* at 801 (observing that petitioner "produced no evidence demonstrating that the loss of access to his habeas materials for 27 days due to his prison transfer made it impossible for him to file his federal habeas petition 16 days earlier"). The law of other Circuits is not to the contrary. *See, e.g., Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (rejecting tolling claim for lack of specificity); *cf. Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000) (holding that "[t]he *intentional confiscation* of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law") (emphasis added).

The sole evidence that Barton offered to support his contention that his files were lost was a prison property transfer receipt indicating that his legal files were returned to him on December 10, 1998. Barton gave no account of why he had failed to file a petition *before* his materials were lost, nor did he make any showing as to how the materials at issue prevented him from filing a habeas petition without them. Thus, even if the panel were to conclude

---

1. To the extent that the district court's opinion suggested otherwise, it was incorrect. If *both* periods at issue here were to qualify for equitable tolling of the statute of limitations, Barton would not be under any obligation to provide an explanation for his "inaction" during the seven-month period before November 1997 or during the month and a half or so after his legal materials were returned in De-

cember 1998 because these two periods fall well within the one-year limitation period. However, to the extent that Barton's failure to act during those periods undermines his claim that the absence of his legal materials prevented him from filing on time, it is relevant to the issue of determining whether equitable tolling is appropriate.

that the materials had in fact been lost from November 1997 through December 10, 1998—a conclusion that, as the magistrate judge pointed out, is incompletely substantiated at best—Barton has still failed to demonstrate that their being lost during that period rendered him incapable of timely filing his federal habeas petition. In light of the fact that Barton carries the burden of demonstrating "extraordinary circumstances" sufficient to warrant equitable tolling, we find that the district court was correct in rejecting this claim and holding that Barton's habeas petition was untimely.

The decision of the district court dismissing Barton's habeas petition as untimely is hereby AFFIRMED.