Michael D. BRAMBLES, Petitioner–Appellant,

v.

W.A. DUNCAN, Warden; C.A. Terhune, Director, California Department of Corrections, Respondents–Appellees.

No. 01–55716.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Filed June 3, 2003.

1198

Kenneth M. Stern, Woodland Hills, CA, for the petitioner-appellant.

Lawrence M. Daniels, Deputy Attorney General, Los Angeles, CA, for the respondents-appellees.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

Opinion by Judge DAVID R. THOMPSON. Concurrence by Judge RAWLINSON.

DAVID R. THOMPSON, Circuit Judge:

Michael D. Brambles appeals the district court's dismissal of his habeas corpus petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

Brambles filed an earlier petition that was timely, but it included one exhausted and two unexhausted claims. The district court told Brambles he could either dismiss the unexhausted claims or dismiss the whole petition "without prejudice to any right [he] may have to file a new petition once available state remedies are exhausted as to all claims." The court also warned Brambles, who was then pro se, that "recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed." In fact, the one-year period within which to file a federal petition had already expired by the time the district court made this ruling.[1] Thus, if Brambles dismissed his petition, his right to seek federal habeas review would be lost unless he could establish equitable tolling. *See Ford v. Hubbard,* 330 F.3d 1086, 1100, 2003 WL 21095654, at *11 (9th Cir. May 15, 2003). But the district court did not explain that to him. Nor did the court inform him that he had a third option: he could dismiss the unexhausted claims, move to stay proceedings in federal court on his exhausted claim and, if that motion were granted, exhaust the dismissed claims in state court; then return to federal court and move to amend his petition to include all exhausted claims (the "stay and abey" process). *See Kelly*

1. It is undisputed that the one-year period was not extended by statutory tolling. 28 U.S.C. § 2244(d)(2).

*v. Small,* 315 F.3d 1063, 1070 (9th Cir. 2003).

Relying on what the district court told him, and unaware of the consequences of dismissing his timely petition in its entirety, Brambles chose to have the entire petition dismissed "without prejudice." He then went back to state court, exhausted his two unexhausted claims, and thereafter returned to federal court where he filed his present petition which includes all three claims. The district court dismissed the petition with prejudice, finding that it was time-barred.

We reverse the district court's dismissal. We conclude the court misled the pro se Brambles by telling him that he could dismiss his federal petition "without prejudice" without explaining to him the consequences of such a dismissal, and by failing to advise him of the "stay and abey" option.[2] This constituted prejudicial error and an extraordinary circumstance beyond Brambles's control. Applying the doctrine of equitable tolling, we conclude that Brambles's present federal petition is timely.

## I. JURISDICTION

The district court had jurisdiction to consider Brambles's habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction to review the district court's dismissal of the petition pursuant to 28 U.S.C. §§ 1291 and 2253.

## II. BACKGROUND

On July 11, 1996, a jury convicted Brambles in California Superior Court of several crimes including forcible rape, robbery, and assault with a firearm. The trial court sentenced him to 102 years in prison.

Brambles appealed to the California Court of Appeal, which affirmed both his conviction and sentence. The California Supreme Court denied review on September 2, 1998. Brambles did not file a petition for certiorari with the United States Supreme Court.

On June 29, 1999, Brambles timely filed, pro se, a habeas corpus petition ("first petition") in the United States District Court for the Central District of California. Two of the three claims asserted in that petition were unexhausted. The district court, on December 13, 1999, twelve days after the AEDPA's one-year statute of limitations had expired, ordered Brambles to:

choose one of the following options [by December 31, 1999]:

1. Dismiss Grounds one and two, the unexhausted claims. (If petitioner chooses this option he will have to obtain authorization from the [Federal] Court of Appeals before filing another petition, pursuant to 28 U.S.C. § 2244.)

2. Request this Court to dismiss the current petition without prejudice to any right petitioner may have to file a new petition once available state remedies are exhausted as to all claims. (**Petitioner is cautioned that recently amended 28 U.S.C. § 2244 limits the time period within which a petition may be filed.**) (emphasis in original).

On December 27, 1999, Brambles made his choice. He requested that "the court grant petitioner option # 2[.]" Pursuant to that request, on January 20, 2000, the district court dismissed the entire first petition "without prejudice." On April 11, 2000, Brambles filed, pro se, a habeas cor-

---

**2.** At the time the district court gave Brambles the options of dismissing his entire petition "without prejudice" and returning to state court, or dismissing the unexhausted claims and remaining in federal court, we had not filed our opinions in *Ford* or *Kelly.* Nor had we filed either opinion when the district court later dismissed Brambles's present petition "with prejudice."

pus petition in the California Supreme Court. On June 28, 2000, the California Supreme Court summarily denied the petition. Having exhausted his state remedies, Brambles returned to federal court and on July 31, 2000 filed, pro se, his present habeas petition ("second petition"). He asserted the same three claims in his second petition that he had asserted in his first petition.

The state contended that the second petition was time-barred under the AEDPA's one-year statute of limitations. Brambles argued that the second petition was timely because the district court had misleadingly offered him the option of dismissing his first petition without prejudice. A magistrate judge, assuming that Brambles was contending that the limitations period should be equitably tolled, concluded in his report and recommendation that equitable tolling did not apply and thus the second petition was untimely. The district court adopted the magistrate judge's report and recommendation, and dismissed the second petition with prejudice as time-barred.

Brambles filed a notice of appeal and applied for a certificate of appealability ("COA"). The district court denied that request, but this court issued a COA on the following issue: "Was the [second] petition timely filed?"

### III. STANDARD OF REVIEW

We review de novo the dismissal of Brambles's second petition as time-barred. *Herbst v. Cook,* 260 F.3d 1039, 1042 (9th Cir.1999). If the facts underlying a claim for equitable tolling are undisputed, as they are here, we also review de novo whether the statute of limitations should be equitably tolled. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

### IV. DISCUSSION

The AEDPA requires state prisoners to seek federal habeas corpus relief within one-year after their convictions become final. 28 U.S.C. § 2244(d). Brambles's conviction became final on December 1, 1998, ninety-days after the California Supreme Court denied his petition for direct review. *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999) ("hold[ing] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Because the one-year limitations period began to run on the next day, and no period of statutory tolling intervened, Brambles's federal habeas petition would have been untimely if filed after December 1, 1999. *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002). Brambles timely filed his first petition on June 29, 1999, but, as stated above, that petition was dismissed. He did not file his second petition until July 31, 2000. Thus, Brambles's second petition is time-barred unless it relates back to the filing date of the first petition under Federal Rule of Civil Procedure 15(c) ("Rule 15(c)"), which we discuss hereafter, or unless the statute of limitations is equitably tolled.

■ Brambles contends that the statute of limitations should be equitably tolled because the district court misleadingly told him that he could dismiss his first petition *without prejudice.* We agree. Because the statute of limitations under the AEDPA had already expired at the time the district court dismissed Brambles's first petition, for all practical purposes that dismissal was a dismissal with prejudice. *See Ford,* 330 F.3d at 1100, 2003 WL 21095654, at *11. *See also Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001) (concluding that because the dismissal "would, barring some other circumstance, have literally and immediately extinguished [the peti-

tioner's] right to federal habeas review[,] ... [it could not] accurately be said that the dismissal of [the] petition was, as the court's order stated, 'without prejudice.'"); *Pension Benefit Guar. Corp. v. Carter & Tillery Enter.,* 133 F.3d 1183, 1187 (9th Cir.1998) (noting that "[w]hile the dismissal was without prejudice, given the statute of limitations problem, the dismissal was effectively with prejudice."); *United States v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 709 (9th Cir.1985) (finding that "[a]lthough the dismissal was nominally 'without prejudice,' it was effectively 'with prejudice' because a new action would be barred by the applicable statute of limitations."), *superceded by rule as stated in In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001).

The district court should have informed the pro se Brambles that the dismissal of his first petition, although ostensibly without prejudice, would effectively be with prejudice unless he could establish that the limitations period was equitably tolled. *Ford,* 330 F.3d at 1100, 2003 WL 21095654, at *11; *Valerio v. Crawford,* 306 F.3d 742, 770–71 (9th Cir.2002) (en banc); *Kelly,* 315 F.3d at 1070. The district court also should have informed Brambles about the stay and abey process. *Kelly,* 315 F.3d at 1070–71; *Calderon v. United States Dist. Court,* 144 F.3d 618, 620 (9th Cir.1998). The district court's statement that the AEDPA "limits the time period within which a petition may be filed" was not sufficient. As a result, the district court committed prejudicial error.

This conclusion is compelled by our recent decision in *Ford.* There, Ford had timely filed a mixed petition before expiration of the one-year limitations period prescribed by the AEDPA. *Ford,* 330 F.3d at 1100, 2003 WL 21095654, at *11. After the statute of limitations had run, the district court informed Ford that he could either delete his unexhausted claims or

dismiss the petition without prejudice and return to state court to exhaust his claims. *Id.* Ford elected to dismiss his petition without prejudice and exhaust his unexhausted claims. When Ford later returned to federal court, the district court dismissed his second petition with prejudice as time-barred. *Id.* In reversing the district court's dismissal of Ford's second petition, we concluded that the court "erred when it failed to inform Ford that, on the face of the [first petition], he would be time-barred under the AEDPA on all of his claims if he either failed to amend his petition or chose the option of dismissing them and returning to state court to exhaust the unexhausted claims." *Id.* We further stated that "[b]ecause the district court's failure fairly or fully to explain the consequences of the options it presented to Ford deprived him of the opportunity to make a meaningful choice, and as a result caused the district court to conclude that all of his claims were time-barred, ... the failure constituted prejudicial error." *Id.* As in *Ford,* the error here was also prejudicial. We next consider whether this prejudicial error entitles Brambles to equitable tolling.

█ The one-year statute of limitations prescribed in the AEDPA may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles,* 187 F.3d at 1107. "In spite of the 'high hurdle' to the application of equitable tolling," we have found that it applies "in a number of circumstances." *Corjasso,* 278 F.3d at 877. For example, we have held that the limitations period may be equitably tolled if a court's erroneous dismissal of a habeas petition contributes or would contribute to the untimeliness of a later filed petition by the same prisoner. *See, e.g., Corjasso,* 278 F.3d at 878 (holding that equitable tolling applied when the district court erroneously

dismissed a pro se prisoner's first petition); *Calderon v. United States Dist. Court,* 163 F.3d 530, 541–42 (9th Cir.1998) (determining that the improper dismissal of a petitioner's habeas petition "presents an independent ground to toll the statute of limitations.").

■ Here, Brambles's first petition, although containing two unexhausted claims, was timely filed. He could have proceeded in the district court on that petition, stripped of its unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Indeed, the district court gave him that option. The court led Brambles to believe, however, that by dismissing his entire first petition without prejudice he could exhaust his unexhausted claims in state court and then return to federal court where he could pursue all three claims. This option obviously was the more appealing, and not surprisingly was the one Brambles chose. Brambles was led to make that choice by the district court's prejudicial error in failing to explain the consequences of making it. The district court also failed to inform Brambles that he could pursue the stay and abey process. These errors resulted in an erroneously dismissed first petition and contributed to an untimely second petition which could have been timely had the district court not erred in its dismissal of the first petition. These were circumstances beyond Brambles's control and equitable tolling applies.

■ Having concluded that equitable tolling applies, we must decide whether it applies only to the one claim in Brambles's first petition that he had exhausted, or whether it also applies to the other two claims that he subsequently exhausted. We conclude that equitable tolling applies to render all three claims timely.

It would be patently unfair, in light of the district court's error, to conclude that Brambles is limited to presenting only the exhausted claim from his first petition. Had he been properly informed of his options, Brambles almost certainly would have chosen to delete his unexhausted claims and avail himself of the "stay and abey" process. As we noted in *Kelly,* 315 F.3d at 1070, "district court[s] must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to exhaust those claims and then add them by amendment to his stayed federal petition." We further noted that "[t]he exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by AEDPA." *Id.*

Permitting Brambles to present the initially unexhausted (but now exhausted) claims is also consistent with the decisions of several of our sister circuits. *Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 79 (1st Cir.2002) (recognizing the "growing consensus that a stay is *required* when dismissal could jeopardize the petitioner's ability to obtain federal review.") (emphasis in original); *Zarvela v. Artuz,* 254 F.3d 374, 380–83 (2d Cir.2001) (holding that "[a]lthough a district court would generally have discretion whether to stay the exhausted claims of a mixed petition or dismiss the entire petition, outright dismissal was not appropriate for Zarvela because, with so little time remaining on his statutory one-year limitations period, a complete dismissal 'jeopardize[d] the timeliness of a collateral attack.'") (quoting *Freeman v. Page,* 208 F.3d 572, 577 (7th Cir.2000)); *Newell v. Hanks,* 283 F.3d 827, 834–35 (7th Cir.2002) (same).

■ Finally, all three of Brambles's claims could be considered on the merits under Rule 15(c). "[A] pro se habeas petitioner who files a mixed petition that is

improperly dismissed by the district court, and who then (following the district court's erroneous legal statements) returns to state court to exhaust his unexhausted claims and subsequently refiles a second petition without unreasonable delay, may employ the amendment procedures of [Rule 15(c)] to have the second petition relate back to and preserve the filing date of the improperly-dismissed initial petition." *Ford,* 330 F.3d at 1102, 2003 WL 21095654, at *12.

■ By holding that all three claims in the second petition are timely, we put Brambles in the position he likely would have been in absent the district court's erroneous dismissal of the first petition. In reaching this decision, we conclude that Brambles exercised reasonable diligence in exhausting his two claims and returning to federal court. *See Allen v. Lewis,* 255 F.3d 798, 800–801 (9th Cir.2001) (stating that "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken."). *Cf. Anthony v. Cambra,* 236 F.3d 568, 577 (9th Cir.2000) (noting that, under Rule 15(c), the district court may deny a petitioner leave to amend if there has been "undue delay, bad faith, or dilatory motive."). In the present case, excluding the time Brambles's habeas petition was pending in state court, it took him 85 days to exhaust those claims and return to federal court. *See Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (noting that "[a] decision of the [California] Supreme Court becomes final 30 days after filing."); 28 U.S.C. § 2244(d) (limitations period stayed while a petition is pending in state court). Taking 85 days, apart from excludable "state time," to exhaust state remedies does not demonstrate a lack of diligence by Brambles. *Smith v. Ratelle,* 323 F.3d 813, 815, 819 (9th Cir.2003) (93 days assumed (but not decided) to be reasonably diligent); *cf. Zarvela,* 254 F.3d at 381 (60 days not unreasonable).

## V. CONCLUSION

We conclude that equitable tolling applies and renders Brambles's second petition, containing all three of his claims, timely. We reverse the judgment of the district court and remand for consideration of those claims on the merits.

REVERSED and REMANDED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result because, and only because, the outcome reflected in the majority opinion is dictated by the precedential cases of *Ford v. Hubbard,* 330 F.3d 1086, 1100, 2003 WL 21095654 *11 (9th Cir. May 15, 2003) and *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.2003).