Benjamin HERNANDEZ, Petitioner—Appellant,

v.

D.L. RUNNELS, Warden, Respondent—Appellee.

No. 02–56668.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 11, 2003.

Benjamin Hernandez, Susanville, CA, Jerald L. Brainin, Los Angeles, CA, for Petitioner–Appellant.

Noah P. Hill, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM [**]

California state prisoner Benjamin Hernandez appeals pro se the district court's

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas petition on statute of limitations grounds, and we review the district court's findings of facts for clear error. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999). We affirm the district court's judgment.

Hernandez contends that he is entitled to equitable tolling because his counsel misrepresented to him that she would file a petition for review with the California Supreme Court, but failed to do so, and because she delayed sending petitioner his trial transcripts for four months. However, counsel's negligence does not typically warrant equitable tolling, *see Frye v. Hickman,* 258 F.3d 1036, 1038 (9th Cir.2001), and petitioner had more than eight months following counsel's alleged negligence to file his federal petition. *See Allen v. Lewis,* 255 F.3d 798, 799–800 (9th Cir.2001) (per curiam).

Hernandez also contends that he is entitled to equitable tolling because an alleged prison lockdown limited his access to the law library, preventing him from photocopying his petition. However, he has failed to produced any evidence demonstrating how this limited access made it impossible for him to file a timely petition. *See Allen,* 255 F.3d at 801.

Because Hernandez has not alleged specific facts which, if true, would entitle him to relief, he is not entitled to a hearing on equitable tolling. *Cf. United States v.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*McMullen,* 98 F.3d 1155, 1159 (9th Cir. 1996).

AFFIRMED.