**Billy Ray STUCKY, Petitioner—Appellant,**

v.

**Jean HILL, Superintendent, Respondent—Appellee.**

No. 04–35754.

D.C. No. CV–02–01084–CO.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Tonia L. Moro, Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

Erin C. Lagesen, Office of Attorney General, Salem, OR, for Respondent–Appellee.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Billy Ray Stucky, an Oregon state prisoner, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Stucky raises three arguments to support his contention that he is entitled to equitable tolling. He first contends he is entitled to equitable tolling because his appellate counsel failed to adequately explain the post-conviction petition process, and the prison's legal assistants provided incorrect information. This contention lacks merit because he is not entitled to representation during post-conviction proceedings and attorney negligence on matters of post-conviction relief is not an extraordinary circumstance warranting equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1067–68 (9th Cir. 2002) (denying equitable tolling for attorney negligence because there is no right to effective assistance of counsel for post-conviction relief); *see also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Second, Stucky contends that the prison law library did not contain accurate information. Specifically, he contends that the library had a pamphlet from the 1980's, which did not mention the Antiterrorism and Effective Death Penalty Act's ("AEDPA") deadline. While this particular pamphlet may not have discussed AEDPA, the affidavits submitted by the State demonstrate that the library had a copy of AEDPA during the time period in which petitioner was required to file his federal habeas petition. *See Allen*, 255 F.3d at 800.

Third, Stucky contends that he is entitled to equitable tolling because gaining access to the law library or any legal assistance at the library was "difficult." This argument fails to warrant equitable tolling. Stucky does not support his contention with any argument or facts. *See United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1218 (9th Cir.2001) (declining to address contention unsupported by argument). Further, the record contains an affidavit by the law library coordinator stating that all inmates have access to the library. *See Allen*, 255 F.3d at 800. Lastly, Stucky is not entitled to legal assistance for post-conviction relief. *See Miranda*, 292 F.3d at 1068.

In the alternative, Stucky contends that this court should remand his case, pursuant to *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (en banc) (per curiam), for an evidentiary hearing. A remand is not warranted in this case. Unlike *Whalem/Hunt*, Stucky's evidentiary record is adequately developed. *See* 28 U.S.C. § 2254(e)(2); *cf. Whalem/Hunt*, 233 F.3d at 1148 (remanding when the district court had previously rejected as a matter of law petitioner's equitable tolling argument, and thus failed to develop an evidentiary record on the issue).

**AFFIRMED.**

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.