Raul Segura SANCHEZ, Petitioner—Appellant,

v.

Steven CAMBRA, Director, Respondent—Appellee.

No. 04–16877.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Decided June 30, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*  FED. R.APP. P. 34(a)(2).

---

Raul Segura Sanchez, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Patrick J. Whalen, Esq., Jean M. Marinovich, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: REAVLEY,[**] T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM [***]

Defendant Raul Segura Sanchez appeals the district court's order denying his petition for writ of habeas corpus as untimely. Sanchez pled no contest to second-degree murder and did not appeal his sentence. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294(1), and 2253 and affirm.

This is a comeback case that we first considered three years ago when Sanchez appealed the district court's decision to dismiss his habeas corpus petition as untimely. *Sanchez v. Cambra,* 34 Fed.Appx. 251, 253 (9th Cir.2002). We reversed and remanded for further development of the record on the issue of whether an alleged series of lockdowns and lack of legal assistance for non-English speaking inmates constituted extraordinary circumstances warranting equitable tolling of the statute of limitations. *Id.* at 254.

 On remand, the magistrate judge and the district court found that Sanchez was prevented from using the library due to lockdowns for, at most, ten days during the period the statute of limitations was running, and further, that Sanchez often didn't show up the law library when he was granted access. These findings are not clearly erroneous. *Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003) (stating that a district court's findings of fact are reviewed for clear error).

With respect to Sanchez's argument that the lack of legal assistance for non-English speaking inmates constituted extraordinary circumstances warranting equitable tolling, we disagree. The Constitution requires prisoners to be given only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging

---

[**] The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

their convictions or conditions of confinement." *Lewis v. Casey,* 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This does not include the guaranteed assistance of someone trained in law who also speaks the prisoner's native tongue. Additionally, the magistrate judge and the district court found that the prison provided an adequate mechanism for illiterate prisoners needing assistance and that Sanchez never properly sought assistance. This finding is not clearly erroneous.

Accordingly, the district court's order denying Sanchez's petition for writ of habeas corpus as untimely is AFFIRMED.