**Russell Edward SAUNIER, Petitioner,**

v.

**Dora B. SCHRIRO, Director, Respondent.**

**No. 04–17247.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Russell Edward Saunier, Buckeye, AZ, pro se.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, for Petitioner.

AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Russell Edward Saunier appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition challenging his conviction by jury for first-degree murder and life sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas corpus petition for failure to comply with the one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003), and affirm.

Saunier contends he is entitled to equitable tolling because: (1) he was not aware and unable to discover that the trial judge had used marijuana and thereby prejudiced his case; (2) various circumstances involving a series of "jailhouse attorneys" caused unavoidable delay; and (3) he was without access to his trial transcripts for several unspecified periods due to his jailhouse attorneys' circumstances and/or actions and the actions of the department of corrections.

First, it was not necessary for Saunier to know of the trial judge's marijuana use in order to discover and assert his claims, because he was aware of the trial judge's alleged violations of his constitutional rights at the time they occurred. *See* 28 U.S.C. § 2254(d)(1) (one year limit beings to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Second, the circumstances and actions of Saunier's jailhouse lawyers—including "roll-up" for fighting, refusing to correspond with him after transfer to another prison, and escaping—do not rise to the level of extraordinary circumstances. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001) (holding that counsel's ordinary negligence did not constitute extraordinary circumstances sufficient to warrant equitable tolling).

Finally, Saunier failed to specify when or for how long difficulties with his jailhouse lawyers and denial of access to his transcripts impaired his ability to file a petition. *See Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001) (holding that the prisoner must show "that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

We conclude that none of these circumstances constituted extraordinary circumstances which stood in the way of Saunier filing his petition, and that equitable tolling is therefore not warranted. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 n. 5 (9th Cir.2005).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

 Saunier waived his argument that a lack of library resources delayed the start date for his statute of limitations or otherwise tolled the statutory period because he failed to raise it in his filings to the district court. *See Majoy v. Roe,* 296 F.3d 770, 777 n. 3 (9th Cir.2002) (holding state impediment to timely filing claim waived when made for the first time on appeal). He likewise waived his argument that the state had a duty to inform him of the trial judge's marijuana use. *See id.*

Accordingly, the district court properly dismissed the petition as untimely and barred by the AEDPA.

Because Saunier has failed to "make a 'substantial showing of the denial of a constitutional right,'" we deny his motion to broaden the certificate of appealability. *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**