**Karen Diane PROVENCIO,
Petitioner—Appellant,**

v.

**Gloria HENRY, Warden, Respondent—
Appellee.**

**No. 05–56462.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2007 *.

Filed May 29, 2007.

Charles R. Khoury, Jr., Wilton, NH, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FISHER and CLIFTON, Circuit Judges, and FOGEL,** District Judge.

MEMORANDUM ***

California state prisoner Karen Diane Provencio appeals from the district court's denial of her habeas petition as time-barred under 28 U.S.C. § 2244(d)(1). We affirm.

Provencio first argues that AEDPA's limitations period should have been tolled for the ninety-day period during which she could have filed a petition for a writ of certiorari in the United States Supreme Court. This argument is foreclosed by the Supreme Court's recent decision in *Lawrence v. Florida,* —— U.S. ——, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In that case, the Court held that AEDPA's limitations period is statutorily tolled "only while *state* courts review [a petitioner's] application [for post-conviction relief]." *See id.* at 1083 (emphasis added). Because "[a petition for certiorari before the Supreme Court] is not a part of a 'State's post-conviction procedures,'" § 2244(d)(2) does not toll AEDPA's limitations period during the pendency of such a petition. *See id.* (quoting 28 U.S.C. § 2244(d)(2)).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Alternatively, Provencio argues that she is entitled to equitable tolling because at the time she filed her federal petition, there was a "lack of clarity" in the law as to whether AEDPA's limitations period is tolled by certiorari petitions filed with the Supreme Court. This argument also lacks merit. At the time Provencio filed her petition, the law of this circuit—as well as the majority of other circuits—clearly held that AEDPA's limitations period is not tolled by the filing of such a petition. *See, e.g., White v. Klitzkie,* 281 F.3d 920, 924–25 (9th Cir.2002); *Nara v. Frank,* 264 F.3d 310, 318–19 (3d Cir.2001); *Snow v. Ault,* 238 F.3d 1033, 1035 (8th Cir.2001); *Gutierrez v. Schomig,* 233 F.3d 490, 490–91 (7th Cir.2000); *Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir.2000); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999); *see also Lawrence,* 127 S.Ct. at 1085 (rejecting petitioner's equitable tolling argument because "[t]he settled state of the law at the relevant time belie[d] any claim to legal confusion"). The fact that Provencio is able to point to one case reaching a contrary result, *see Abela v. Martin,* 348 F.3d 164 (6th Cir.2003) (en banc), is not sufficient to give rise to the type of "extraordinary circumstances" required to justify equitable tolling in this circuit. *See Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (holding that equitable tolling is permitted only if "extraordinary circumstances beyond a [defendant's] control make it impossible to file a petition on time") (quoting *Brambles v. Duncan,* 330 F.3d 1197, 1202 (9th Cir. 2003)) (internal quotation marks omitted).

**AFFIRMED.**