Cesar Francisco **VILLA**, Petitioner–
Appellant,

v.

Jeanne **WOODFORD**, Respondent–
Appellee.

No. 06–15043.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cesar Francisco Villa, Crescent, CA, pro se.

Nina Wilder, Esq., Weinberg & Wilder, San Francisco, CA, for Petitioner–Appellant.

Juliet B. Haley, Esq., Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

California state prisoner Cesar Francisco Villa appeals from the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Villa contends that he is entitled to equitable tolling because his confusion regarding the Antiterrorism and Effective Death Penalty Act's statutory requirements, combined with a 30–day loss of access to his legal papers due to a prison transfer, constitutes extraordinary circumstances beyond his control. Villa's contention fails because a pro se petitioner's lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.2006). Furthermore, Villa's temporary loss of access to his legal papers, roughly one and one half months into the one-year limitations period, did not prevent him from filing a timely federal habeas petition. *See Allen v. Lewis,* 255 F.3d 798, 799–801 (9th Cir.2001) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

