Michael N. CORJASSO, III,
Petitioner–Appellant,

v.

Robert L. AYERS, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 00–16591.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001

Filed Jan. 17, 2002

As Amended on Denial of Rehearing Feb. 8, 2002.

Quin Denver and Daniel J. Broderick, Office of the Federal Defender, Sacramento, California, for petitioner-appellant Michael M. Corjasso.

Bill Lockyer, David P. Druliner, Robert R. Anderson, Stan Cross, Patrick J. Whalen, Office of the Attorney General of the State of California, Sacramento, California, for respondent-appellee Robert L. Ayers, Warden.

Before: POLITZ,* W. FLETCHER, and FISHER, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Michael M. Corjasso, III is serving a life sentence without possibility of parole in California state prison. Proceeding *pro se* and *in forma pauperis,* he filed a petition for writ of habeas corpus in federal district court on December 13, 1996. His petition was eventually dismissed as untimely pursuant to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). We agree with Corjasso that he is entitled to equitable tolling of the statute of limitations. We therefore reverse the dismissal of his petition as untimely and remand for further proceedings.

## I

■ Corjasso's conviction became final on July 17, 1996. Sometime before December 1996, he filed his first federal petition for habeas corpus in the Northern District of California. Because Corjasso was incarcerated in the Eastern District of California, the Northern District correctly dismissed his petition for lack of jurisdiction. On December 13, 1996, Corjasso attempted to refile the same petition in the Eastern District court. He did not have a preprinted cover sheet from the Eastern District, so he used a cover sheet from the Northern District. Except for the difference in the words "Eastern" and "Northern," the cover sheets are identical. Corjasso simply "whited-out" the word "Northern" and wrote in "Eastern."

The Eastern District court clerk's office refused to accept Corjasso's petition for filing. It sent him an Eastern District cover sheet and instructed him to resubmit his petition, but it did not return the body of his petition to him. On January 6, 1997, Corjasso submitted the new cover page and referenced the petition he had filed less than a month earlier, but the clerk's office never joined the new cover page to the body of the petition. The district court deemed Corjasso's January filing incomplete and dismissed it with leave to amend on February 25. On March 24, Corjasso filed a letter explaining that he could not amend his petition because he had not retained copies of the attachments when he submitted his original petition on December 13, 1996. The district court appears to have lost the body of the original petition by the time Corjasso's letter was received.

Corjasso did not hear from the district court again until June 19, 1997, when a magistrate judge appointed counsel to represent Corjasso. The magistrate judge scheduled a first status conference for August 28, 1997. Absent tolling, Corjasso's one-year filing period under AEDPA would have expired on July 17, 1997—42 days before the status conference. At some point prior to the status conference, Corjasso's appointed counsel managed to retrieve the petition Corjasso had filed in the Northern District. (The Eastern District filing was never found.) On September 10, 1997, shortly after the status conference, the court granted Corjasso's counsel's request to file an amended petition within 120 days.

On January 7, 1998, Corjasso, through his appointed counsel, filed a first amended petition. Because the petition contained new, unexhausted claims, Corjasso

* Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

also filed a new petition with the California Supreme Court on January 16, 1998 in order to exhaust those claims. *See* 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The parties jointly lodged a stipulated dismissal without prejudice of Corjasso's federal petition on January 23, 1998. The district court dismissed the petition in accordance with the stipulation on January 31, 1998.

On December 22, 1998, the California Supreme Court denied Corjasso's state petition. Having thus exhausted his state remedies, Corjasso returned to federal court. On January 27, 1999, Corjasso filed a second amended federal petition containing the exhausted claims. On March 29, the state moved to dismiss Corjasso's petition as untimely under AEDPA. Nine months later, on December 28, 1999, the magistrate judge recommended that Corjasso's petition be dismissed as untimely. Corjasso objected, but the district court agreed with the magistrate judge and dismissed his petition on April 25, 2000. The district court declined to issue a Certificate of Appealability ("COA") as to any issue. *See* 28 U.S.C. § 2253(c).

 Corjasso timely appealed. We granted a COA on his claim that the statute of limitations should have been equitably tolled because of the mishandling of his petition by the district court. We review *de novo* the dismissal of a petition for writ of habeas corpus on statute of limitations grounds. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). "Where, as here, the facts are undisputed as to the question of equitable tolling, we review *de novo*" whether the statute of limitations should be equitably tolled. *Id. See also Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175–76 (9th Cir.2000).

## II

 Corjasso's one-year statute of limitations began to run on July 18, 1996, the day after his conviction became final. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir.2001) (explaining that time limits under AEDPA are calculated in accordance with the provisions of Fed.R.Civ.P. 6(a): "In computing any period of time prescribed or allowed by these rules ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."). Because Corjasso filed his second amended habeas petition more than 18 months after AEDPA's one-year statute of limitations expired, it is timely only if Corjasso is entitled to equitable tolling.

 AEDPA's statute of limitations provision is subject to equitable tolling. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court, (Kelly),* 163 F.3d 530 (9th Cir.1998). Equitable tolling is "unavailable in most cases," *Miles,* 187 F.3d at 1107, and is appropriate only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler,* 128 F.3d at 1288. *See also Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001).

In spite of the "high hurdle" to the application of equitable tolling, *Beeler,* 128 F.3d at 1289, we have found equitable tolling of AEDPA's statute of limitations appropriate in a number of circumstances. In *Miles,* the petitioner, an incarcerated *pro se* litigant, timely requested that prison officials draw on his trust account and prepare a check for his filing fee. We equitably tolled the statute because prison officials delayed the request, causing the petitioner to miss the filing deadline. *See Miles,* 187 F.3d at 1107. In *Beeler,* we

equitably tolled the statute where the capital defendant's lead counsel withdrew after accepting employment in another state. *See Beeler,* 128 F.3d at 1289. In *Kelly,* we applied equitable tolling because the petitioner's alleged mental incompetency, "a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," rendered him "unable to assist his attorney in the preparation of a habeas petition." *Kelly,* 163 F.3d at 541.

Here, Corjasso, proceeding *pro se,* filed his first federal habeas petition in the proper district court on December 13, 1996, 149 days after his conviction became final. Corjasso's petition was defective (if it was defective at all; *see* E.D. Cal. Local R. 3–200) only in that he used white-out and a pen on his cover sheet to write the correct name of the court in which he filed. Because Corjasso was a *pro se* petitioner, the district court erred in rejecting his petition on the ground that he had used a whited-out cover sheet from the wrong district. *Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel. *See, e.g., Holiday v. Johnston,* 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941) (*pro se* petition for habeas corpus "ought not to be scrutinized with technical nicety"); *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1990) ("This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

At the time he attempted to file his first petition in the Eastern District court, Corjasso had complied with all substantive requirements for filing a federal habeas petition. For the next eight months, until the district court held the status conference on August 28, 1997, the treatment (and therefore, the timeliness) of Corjas-so's habeas petition was essentially beyond his control. AEDPA allows a petitioner just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition. The district court's error and its consequences consumed 258 days of that 365–day period.

The district court's incorrect dismissal, combined with its loss of the body of Corjasso's petition, constitutes an "extraordinary circumstance" as contemplated by our equitable tolling cases. *See, e.g., Miles,* 187 F.3d at 1107 (prison official's failure to timely prepare the requested filing fee) and *Beeler,* 128 F.3d at 1289 (withdrawal of counsel). The question is whether this "extraordinary circumstance" and the resulting delay warrants equitable tolling, thus excusing what would otherwise have been an untimely filing of Corjasso's amended petition. Considered alone, the delay between the time the district court received Corjasso's letter and the time of the status conference is not an extraordinary circumstance justifying equitable tolling. *See Fail v. Hubbard,* 272 F.3d 1133, 1136 (9th Cir.2001) (explaining that such ordinary delays in the judicial system are "routine and not extraordinary"). The delay may have been routine, but the cause of the delay was not. Because the cause was an "extraordinary circumstance," the resulting delay must be considered as part of the equitable tolling period. We therefore hold that the statute of limitations should be equitably tolled beginning December 13, 1996, the date Corjasso attempted to file his first petition in the Eastern District court, through August 28, 1997, the date of the status conference.

When the status conference took place, the one-year statute of limitations had already expired. The "extraordinary circumstance" and its consequence thus made it impossible for Corjasso to file his peti-

tion in a timely fashion. Once the status conference took place, Corjasso acted with reasonable diligence to move his petition forward. *See Allen*, 255 F.3d at 800–01 (" 'If the person seeking equitable tolling has not exercised *reasonable diligence* in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken ....' ") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000) (emphasis added)). Thirteen days after the conference, the magistrate judge granted Corjasso's newly-appointed counsel a 120–day extension during which to review the 3500–page record and to prepare and file a new federal petition. Corjasso filed an amended federal petition containing unexhausted claims within the 120–day period, 132 days after the status conference. Then, nine days after filing the federal petition, Corjasso filed a state petition in order to exhaust the unexhausted claims. Finally, six days after the denial of his state petition became final, Corjasso filed his current, fully exhausted petition in federal court.

 Although the district court did not know it at the time, we now know, because of the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001), that the time between Corjasso's attempted filing of his first federal petition on December 13, 1996 and the stipulated dismissal of the petition on January 31, 1998 is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Our holding that the statute may be equitably tolled during part of the pendency of that petition is not contrary to the rule in *Duncan*, for we do not hold that equitable tolling of the statute is appropriate for the entire time Corjasso's petition remained in federal court. Rather, we hold that it is appropriate only during

the delay caused by the extraordinary circumstances beyond Corjasso's control.

## III

There is no dispute that Corjasso is entitled to statutory tolling for any period during which he had a properly filed habeas petition pending in state court. *See* 28 U.S.C. § 2244(d)(2) (AEDPA's one-year statute of limitations is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review ... is pending."). Although the statutory provision does not allow for tolling during the pendency of a federal petition, *see Duncan*, 121 S.Ct. at 2129, by its plain terms § 2244(d)(2) requires tolling during the pendency of a properly-filed state petition.

 The limitations period was statutorily tolled beginning on January 16, 1998 when Corjasso filed his habeas petition with the California Supreme Court. The statute of limitations remained statutorily tolled until the California Supreme Court's dismissal of Corjasso's petition became final. Rule 24(a) of the California Rules of Court provides that "[a] decision of the Supreme Court becomes final 30 days after filing." The denial of a writ petition, even a denial without an opinion, is a "decision" within the meaning of Rule 24. *See People v. Carrington*, 40 Cal. App.3d 647, 650, 115 Cal.Rptr. 294 (1974). In accordance with our earlier holdings, the statute of limitations thus remained tolled until January 21, 1999, thirty days after the California Supreme Court denied Corjasso's petition on December 22, 1998. *See Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir.2001); *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) ("Under Rule 24, a denial of a habeas petition within the

California Supreme Court's original jurisdiction is not final for 30 days.").[1]

## IV

In sum, when Corjasso filed his first petition with the district court for the Eastern District on December 13, 1996, 149 days of AEDPA's one-year statute of limitations had run. The statute was then equitably tolled through August 28, 1997, the date of the status conference. The time period resumed running on August 29, 1997 and continued to run for a total of 141 days, until Corjasso filed his petition with the California Supreme Court on January 16, 1998. The statute was then statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) while Corjasso's petition was pending before the California Supreme Court. Finally, the time period ran for six days between January 21, 1999, the date the California Supreme Court's denial of his petition became final, and January 27, 1999, the date Corjasso filed his second amended federal petition. Corjasso's petition was therefore timely filed on January 27, 1999, as he had used up only 296 days (149 plus 141 plus 6) of the 365–day statute of limitations.

## V

Corjasso also seeks to present two claims not encompassed by the COA. First, he argues that the district court erroneously refused to vacate the stipulated dismissal of his first amended petition. Between the time the parties lodged the stipulated dismissal and the date the court approved it, this court had held that, rather than dismiss a petition containing unexhausted claims, a district court may issue a stay and hold the petition in abeyance while the petitioner exhausts those claims. *See Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981 (9th Cir. 1998). Corjasso contends that he should have been given the benefit of the stay-and-abeyance procedure. Second, Corjasso argues that AEDPA's statute of limitations violates the Suspension Clause. We have previously rejected this argument. *See Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir.2000) ("The one-year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling."). Although it is possible that the first of these two claims has merit, in light of our holding that equitable and statutory tolling render Corjasso's petition timely we need not decide whether to expand the COA to address it.

We REVERSE the dismissal of Corjasso's petition as untimely and REMAND for further proceedings.

---

1. Although it does not affect the outcome in this case, we note that the Judicial Council of California has recently promulgated Proposed Rule 29.4, which will make the California Supreme Court's denial of a petition for habeas final upon filing. The proposed rule is scheduled to take effect July 1, 2002.