Albert CRUZ, Petitioner—Appellant,

v.

Ana M. RAMIREZ–PALMER, Respondent—Appellee.

No. 01–16788.

D.C. No. CV–99–00–00917–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 6, 2002.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner Albert Cruz appeals, for the second time, the dismissal of his petition for a writ of habeas corpus as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The district court initially dismissed the petition because it was filed after AEDPA's one-year limitations period had elapsed. In an earlier memorandum disposition, we vacated and remanded with instructions to the district court to consider whether Petitioner's serious illness warranted equitable tolling. *Cruz v. Ramirez–Palmer,* No. 99–17693, 2000 WL 1721933 (9th Cir. Nov. 17, 2000) (unpublished disposition).

On remand, the district court tolled the statute from March 19, 1997, through February 24, 1998. Even though the statute was tolled for that period, Petitioner's May 6, 1999, petition was filed almost a year too late. The district court dismissed again on timeliness grounds. On appeal, Petitioner argues that the district court erred because the tolling period should have begun earlier and run later. Reviewing the dis-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court's factual findings for clear error, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

On remand, the district court ordered Petitioner to produce evidence explaining what circumstances warranted equitable tolling. Petitioner filed medical records covering the period from March 19, 1997, through February 25, 1998. On February 25, 1998, he was discharged from hospice because his health had improved. The district court found that Petitioner's illness during the period covered by the medical records filed with the court constituted "extraordinary circumstances beyond [Petitioner's] control" and warranted tolling of the statute of limitations. *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002) (stating standard).

Petitioner bears the burden of demonstrating that his situation warrants equitable tolling. *See United States v. Marolf,* 173 F.3d 1213, 1218 n. 3 (9th Cir.1999) (stating general principle). Because the district court tolled the statute for the entire time covered by the evidence before it,[1] we cannot conclude that the determination of the length of tolling was clearly erroneous.

Petitioner did not receive a certificate of appealability as to his statutory tolling claim. *See* 28 U.S.C. § 2253(c). Nor was this argument presented to the district court. Finally, this claim is beyond the scope of our limited remand. For these reasons, we decline to address it.

AFFIRMED.

---

1. Petitioner seeks to present some evidence on appeal that was not before the district court. Evidence that was not presented to the district court is not part of the record on appeal. *United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990); *see* Fed. R.App. P. 10. Even if we were to consider this evidence, however, it does not show that equitable tolling applies after February 25, 1998.