Michael S. **BLACKHURST,**
Petitioner—Appellant,

v.

Margaret **PUGH,** Comm. DOC Alaska,
Respondent—Appellee.

No. 02–35125.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2003.*

Decided April 9, 2003.

Wallace, Senior Circuit Judge, filed concurring opinion.

---

**4.** Or.Rev.Stat. § 72.7150(2)(b).

**5.** UCC § 2–715 cmt. 5.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before: WALLACE, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Michael Blackhurst, a state prisoner, appeals the district court's denial as time-barred of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

Blackhurst is not entitled to equitable tolling of the statute of limitations because he has failed to show that his failure to file

a timely petition was due to anything other than his own neglect.[2] *See Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998) (stating that equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence"). Blackhurst has submitted no evidence and made no allegation that his ignorance of the AEDPA filing deadline was "caused by circumstances beyond [his] control." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc); *cf. Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (stating that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" of a habeas petition) (quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001)), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). Although Blackhurst has submitted evidence that he suffered from mental illness, he has submitted no evidence indicating his mental state during the relevant time period.[3] Besides the lack of medical records during the relevant

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

2. 28 U.S.C. § 2244(d)(1) requires that a petition for a writ of habeas corpus be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Blackhurst's conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996, he had until April 24, 1997, to file his petition.

*Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). After we affirmed the dismissal of his first habeas petition for failure to exhaust available state remedies in 1989, Blackhurst did not file the instant petition until 2000, eleven years later.

3. Unlike the concurring opinion, we do not rely on the district court's "finding" that "petitioner suffered from an antisocial and/or mixed personality disorder," in light of the district court's adoption of the magistrate judge's finding, based on the evidence, that "[t]here is no evidence indicating that Mr. Blackhurst was mentally ill in 1996, 1997 or today. Mr. Blackhurst offered no evidence regarding what he was doing during the relevant time frame." Even while stating that "[w]e are not at liberty to pick and choose which finding we shall review," the concurring opinion does just that.

period, Blackhurst's position is further weakened by the fact that he filed his first habeas petition in 1988 and appealed it in 1989, the period during which he allegedly was suffering from the most acute psychotic episodes. The record therefore does not support a finding that Blackhurst was so mentally incompetent that it was impossible for him to file his petition on time. *See Jorss v. Gomez,* 311 F.3d 1189, 1192 (9th Cir.2002) (stating that the AEDPA's statute of limitations may be subject to equitable tolling if " 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' ") (quoting *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002)). The judgment of the district court, dismissing the petition as time-barred, is accordingly

**AFFIRMED.**

WALLACE, Senior Circuit Judge, concurring.

I concur in the result of the majority disposition. I part from the majority because it holds that Blackhurst has failed to demonstrate that he was mentally ill during the relevant time period. To the contrary, the district court held, "The court does not doubt that petitioner suffered from an antisocial and/or mixed personality disorder during the relevant time period (1996 and 1997)." The district court did not clearly err, and so its finding of fact cannot be reversed. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Surprisingly, the majority determines that the district court itself found that Blackhurst was not mentally ill. Because I am bound by the district court's explicit findings to the contrary, I cannot join.

In footnote 3, the majority points out that the district court stated that it accepted the magistrate judge's factual findings. But what do we do with this general statement when the district court makes its own specific finding that plainly contradicts the magistrate judge's finding? We are not at liberty to pick and choose which finding we shall review.[1] Are we to assume that the district court did not mean what it stated? I suggest we must pay heed to the district court's own words, rather than the contrary words of the magistrate judge's it incorporated by nonspecific reference.

The district court held that Blackhurst "has failed to bear his burden of proving that mental illness interfered with his ability to appreciate his position and make rational choices with regard to the same." The district court thus held that Blackhurst failed to demonstrate causation. *See Corjasso v. Ayers,* 278 F.3d 874, 879 (9th Cir.2002) (holding that equitable tolling "is appropriate only during the delay *caused* by the extraordinary circumstances").

I would affirm the district court on the issue of causation. Blackhurst was able to file a habeas petition in 1988, when he was suffering from the most acute psychotic episodes. *A fortiori,* he was able to file a habeas petition when his illness was less serious. The district court did not clearly err in determining that Blackhurst failed to show that his mental illness caused his late filing.

---

1. Contrary to the majority's insinuation, the district court, not I, picked the finding we are to review; it made the specific finding that Blackhurst was mentally ill.