**Tommy Ray BROWN, Petitioner— Appellant,**

v.

**Robert AYERS, Jr.; Steven J. Cambra, Jr., Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 99–56026.

D.C. No. CV–98–0030 NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2003.*

Decided July 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Tommy Ray Brown appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We reverse and remand.[1]

█ The district court determined that Brown's habeas petition was untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period, having been filed 40 days[2] after the period had expired. As a preliminary matter, it is important to examine the district court's calculation of Brown's limitations period because decisions rendered by this court after the district court's decision in this case require that the statutory tolling period under 28 U.S.C. § 2244(d)(2) be recalculated. The district court tolled the limitations period while Brown's final habeas petition was filed with the California Supreme Court. That petition was denied in an order dated May 28, 1997. The district court ended the tolling period on that date. We have subsequently held that a dismissal of a habeas petition by the California Supreme Court is not final for the purposes of § 2244(d)(2) until 30 days after the denial is filed. *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir.2002) (citing *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001)). Thus, the limitations period should have been

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history of this case, we will not recount it here.

2. The district court did not decide whether the mailbox rule applied to Brown's petition. The mailbox rule does apply to habeas petitions. *See Ford v. Hubbard*, 330 F.3d 1086, 2003 WL 21095654, *8 (9th Cir.2003) (applying the prison mailbox rule to AEDPA limitations period). Therefore, Brown's petition must be considered to have been filed on December 29, 1997.

tolled until June 27, 1997. On remand, the district court must include this additional 30 days in its calculations. Even with these additional 30 days, however, Brown's application is not timely under the district court's calculations, unless he is entitled to additional tolling of the limitations period.

The district court also held that Brown was entitled to equitable tolling because the prison library did not contain any information regarding the AEDPA until several months after the AEDPA's passage. The district court equitably tolled Brown's limitations period until September 5, 1996, because it determined that this was the first time that Brown could have had access to information regarding the AEDPA. The State does not challenge this application of equitable tolling, so the only question before us is when the equitable tolling period should have ended. Brown argues that the district court clearly erred in basing its conclusion that Brown had access to the AEDPA on September 5, 1996, on the declaration of Maxine Curtis, the Librarian Technical Assistant at Pelican Bay State Prison.

■ The district court's findings of facts are reviewed for clear error. *Lott,* 304 F.3d at 922. Here, the district court clearly erred in basing its finding on the Curtis declaration because the declaration provided no factual support for the finding that the prison library had a copy of AEDPA sometime in August 1996. The declaration stated that Curtis could not determine when the library received a copy of AED-

PA, but that based on past experience with other newly-enacted laws, she believed that she received a copy of AEDPA "by August 1996." This declaration based on guesswork was not sufficiently reliable to support the district court's factual finding.[3] On remand, the district court must conduct further fact finding to determine when the library first received a copy of AEDPA.

Brown also argues that he is entitled to an alternate "trigger" date for AEDPA's one-year limitation period under § 2244(d)(1)(B) based on his allegation that he was denied access to his personal legal materials for an extended period of time. Under certain circumstances, the prolonged denial of access to personal legal materials could violate the Constitution. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that states must provide prisoners with " 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts' " (quoting *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1997))); *Vigliotto v. Terry,* 873 F.2d 1201, 1202–03 (9th Cir.1989) (holding that "the temporary deprivation of an inmate's legal materials does not, *in all cases,* rise to a constitutional deprivation" (emphasis added)).

■ If such circumstances existed here, then Brown would be entitled to a later trigger date under § 2244(d)(1)(B), if the denial of access prevented him from filing a federal petition. Because, however, the

---

**3.** None of the sources contacted by Curtis–"the warden's office, the litigation coordinator's office, and the central office in Sacramento which sends out legal materials to the libraries"–could tell her "exactly when AEDPA was sent to this library." Thus, there appears to be no factual basis for Curtis' "belief that this library received a copy of AEDPA by August 1996." With respect to the concurrence's point that this is admissible evidence of habit and routine practice under

Fed.R.Evid. 406, the statement of Curtis' experience is that "this library usually receives copies of new laws about two months after they are enacted." But the AEDPA was enacted in April 1996, and two months thereafter would be June 1996. No one contends that the prison library had copies of the AEDPA available for inmate use by that date. Thus, Curtis' August date is not based on habit and routine, but upon guesswork and belief without any factual basis in this record.

district court did not conduct sufficient fact finding, it is impossible to tell how complete Brown's lack of access was and how long it lasted. "Because determinations of whether there was an 'impediment' under § 2244(d)(1)(B) ... are highly fact-dependent, and because the district court is in a better position to develop the facts and assess the legal significance in the first instance, ... [we] remand to the district court for appropriate development of the record." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

Brown also argues that the district court erred in concluding that he was not entitled to an additional 52 days[4] of equitable tolling based on the alleged denial of access to his personal legal materials. The district court determined that the denial of legal materials was not the kind of extraordinary circumstance required for the application of equitable tolling. This conclusion was erroneous. *See Lott*, 304 F.3d at 924–25.

If there were any circumstances under which the facts alleged by Brown could have entitled him to equitable tolling, the district court should have conducted an evidentiary hearing or allowed Brown, a pro se petitioner, to expand his declaration. *See Whalem/Hunt*, 233 F.3d at 1148. If Brown was denied access to his legal materials for an extended period of time, making it impossible for him to file a timely habeas petition, then he is entitled to equitable tolling. *See Lott*, 304 F.3d at 924–25. Because it is possible that Brown was denied access to his legal materials, the district court must determine "precisely what the factual circumstances were regarding" the denial of access. *Whalem/Hunt*, 233 F.3d at 1149 (Tashima, J., concurring).

On remand, the district court should determine whether Brown was completely denied access to his legal materials for an extended period of time. *See Lott*, 304 F.3d a 924–25. The court also must determine whether, under the circumstances, Brown exercised due diligence in pursuing his claims. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (stating that "external forces, rather than a petitioner's lack of diligence" must be the cause of untimely filing). If Brown meets all of the requirements for equitable tolling, then AEDPA's statute of limitations should be tolled.

Brown also argues that AEDPA's one-year limitation period violates the Suspension Clause of the Constitution. This issue, however, is not included in the Certificate of Appealability; we therefore have no jurisdiction to consider it. *Gatlin v. Madding*, 189 F.3d 882, 886 (9th Cir.1999) ("There is no doubt that issuance of a certificate of appealability is a jurisdiction prerequisite to appeal."). Even if we were to reach this claim, it has been clearly foreclosed by prior case law. *See Corjasso v. Ayers*, 278 F.3d 874, 880 (9th Cir.2002); *Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir.2000).

The district court's denial of Brown's petition for a writ of habeas corpus is reversed and the case is remanded for further proceedings consistent with this disposition.

REVERSED and REMANDED.

CLIFTON, Circuit Judge, concurring.

CLIFTON, Circuit Judge.

I agree that the district court's denial of Brown's habeas petition should be reversed and this case remanded for further

---

4. The district court erroneously calculated that there were only 22 days between May 28, 1997 to July 19, 1997. There are, in fact, 52 days between these dates. On remand, the district court must include this additional 30 days in its calculations, if it determines that Brown is entitled to tolling during this period.

proceedings. As noted by the majority, decisions rendered by this court after the district court had denied Brown's petition have altered the tolling calculation and may provide a basis for Brown to avoid the limitations bar.

I write separately, however, to express my disagreement with the majority's specific conclusion that "the district court clearly erred in basing its finding [that Brown had access to the AEDPA on September 5, 1996,] on the Curtis declaration" because that "declaration based on guesswork was not sufficiently reliable to support the district court's factual finding." Memorandum at 3–4. The Curtis declaration was admissible and relevant under Fed.R.Evid. 406 as "[e]vidence . . . of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, . . . to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice." Its admission by the district court cannot properly be deemed to be plain error or an abuse of discretion. At the time the district court made its factual finding, the Curtis declaration appears to have been uncontradicted by any evidence in the record.

Furthermore, Curtis clearly set forth the basis for her belief. She noted that, in her experience, the prison library usually received copies of new laws "about two months after they are enacted." AEDPA was enacted April 24, 1996. If it arrived at the library "about two months later," then it would have been there "by August 1996," just as Curtis indicated. Yet the majority, in an oblique twist of logic, draws the opposite conclusion. Because "no one contends that the prison library had copies of AEDPA available for inmate use by [June 1996]," the majority concludes that "Curtis' August date is not based upon habit and routine, but upon guesswork and

belief without any factual basis in the record." Memorandum at 4 n. 3. I disagree.

It does not follow that, because something would be expected to arrive "about" late June, a statement that it was received "by August" is mere "guesswork." There is simply no inconsistency. Obviously, if AEDPA arrived in June, then it was received "by August." Yet even if Curtis could not be sure that AEDPA arrived in June, her conclusion that it arrived "by August" was still fully consistent with the routine practice she identified of receiving laws "about two months after they are enacted." There should be nothing wrong with a declarant stating a cautious but reasonably based and clearly explained inference, or with a court relying upon it. Evidence like this is presented all the time. Because the Curtis declaration was admissible, relevant, uncontradicted, and logically consistent, I cannot agree that the district court clearly erred by relying on it.