Wanda FAIN, Petitioner–Appellant,

v.

Gwendolyn MITCHELL, Warden; et al., Respondents–Appellees.

No. 03–15461.

D.C. No. CV–02–03367–JW.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

Juliana Drous, San Francisco, CA, for Petitioner–Appellant.

Gregory A. Ott, San Francisco, CA, Respondent–Appellee.

Before PREGERSON, THOMAS, and, PAEZ, Circuit Judges.

MEMORANDUM**

Wanda Fain, a California state prisoner, appeals the district court's dismissal of her 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Post-conviction counsel's miscalculation of Fain's statute of limitations deadline is not enough to warrant equitable tolling. *See Miranda v. Castro,* 292 F.3d 1063, 1067–68 (9th Cir.) (rejecting claim of equitable tolling despite counsel's mistaken advice about AEDPA deadline), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002); *see also Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (denying equitable tolling based on counsel's negligence), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002).

Further, being pro se is not an extraordinary circumstance for habeas petitioners, and is not a basis for equitable tolling. *Cf. Corjasso v. Ayers,* 278 F.3d 874, 877–78

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

(9th Cir.2002) (approving equitable tolling only upon showing of extraordinary circumstances beyond prisoner's control).

**AFFIRMED.**