**Vladimir SOROKA, Petitioner—Appellant,**

v.

**PEOPLE OF THE STATE OF CALIFORNIA, Respondent—Appellee.**

No. 03–55529.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Terri A. Law, Esq., Sherman Oaks, CA, for Petitioner–Appellant.

Vladimir Soroka, Calipatria, CA, pro se.

Michael C. Keller, Esq., Office of the Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

California prisoner Vladimir Soroka appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo, Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002), and we vacate and remand.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Soroka contends that the district court erred by dismissing his petition as untimely. Soroka argues that he may be entitled to equitable tolling because his appellate counsel did not file a habeas petition she agreed to file. We agree.

To demonstrate grounds for equitable tolling, a petitioner must show that extraordinary circumstances beyond his control prevented him from filing his petition on time. *See* 28 U.S.C. § 2244; *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). An attorney's negligence generally does not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001). In this case, however, the failures of Soroka's attorney may be sufficiently egregious to justify equitable tolling. *See Spitsyn v. Moore,* 345 F.3d 796, 801–02 (9th Cir.2003).

The case is remanded to the district court for an evidentiary hearing to consider the attorney's negligence and Soroka's diligence in ultimately filing his petition. *See id.*

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.