**Dimitri Valeryevich TATARINOV,**
**Petitioner–Appellant,**

v.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, Respondent–Appellee.**

No. 03–56342.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 11, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See

Jerome P. Wallingford, San Diego, CA, for Petitioner–Appellant.

Attorney General for the State of California, Holly D. Wilkens, Esq., San Diego, CA, for Respondent–Appellee.

Fed. R.App. P. 34(a)(2).

459

Before: CANBY, HANSEN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner Dimitri Valeryevich Tatarinov appeals the district court's denial of his federal habeas petition as time-barred under the one-year statute of limitations set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The California Court of Appeal dismissed Tatarinov's appeal on April 28, 1997, the decision became final on May 28, 1997,[1] and the one-year limitations period expired on May 29, 1998.[2] Tatarinov's federal habeas petition was not filed until October 11, 2002, and is therefore time barred unless he is entitled to tolling.

■ Tatarinov argues that he is entitled to tolling under 28 U.S.C. § 2244(d)(1)(D) because he could not have discovered the factual predicate of his ineffective assistance of counsel claim until either 2000 or 2001. However, Tatarinov's own declaration stated that he discovered his attorney's deficient performance no later than mid-to-late 1998. At that point, Tatarinov had a colorable ineffective assistance of counsel claim and the AEDPA statute of limitations clock started ticking. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than sim-

ply the facts themselves-before the due diligence (and hence the limitations) clock started ticking.").

■ Tatarinov also argues that the egregious misconduct of his attorney constituted "extraordinary circumstances" that warrant equitable tolling of AEDPA's statute of limitations. We allow for equitable tolling of AEDPA's one-year limitations period when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted). Even if we accept that Tatarinov's attorney's conduct constituted "extraordinary circumstances," those circumstances effectively ended when Tatarinov was made aware of the true state of his legal representation in mid-to-late 1998. At that point, any equitable tolling ceased.

Under either analysis, Tatarinov's federal habeas petition should have been filed no later than the end of 1999. The district court correctly held that the petition filed in 2002 was untimely.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Rule 24(b)(1) of the California Rules of Court provides that "a Court of Appeal decision ... is final in that court 30 days after filing."

2. Tatarinov's one-year statute of limitations began to run on May 29, 1997, the day after his conviction became final. *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002).