**Richard PECHICKJIAN, Petitioner— Appellant,**

**v.**

**James HALL, Warden, Respondent— Appellee.**

**No. 04–55067.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Richard Pechickjian, CDC K–97012, for Petitioner–Appellant.

Timothy M. Weiner, DAG, AGCA–Office of the California Attorney General (LA),

Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Richard Pechickjian, a California state prisoner, appeals pro se the dismissal as untimely of his habeas corpus petition brought under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we vacate the district court's judgment.

Pechickjian contends that he was entitled to equitable tolling of the statute of limitations during the time his prior, mixed federal habeas petition was pending because in dismissing that petition without prejudice, the district court did not inform him that it could stay proceedings pending exhaustion of claims in state court. This contention is foreclosed by *Pliler v. Ford,* — U.S. ——, ——, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004).

Pechickjian also contends that the district court erred in holding that his filing of an intervening federal petition between the date the state superior court denied his habeas petition and the date he filed a habeas petition in the California Court of Appeal interrupted the tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).[1]  This contention has merit

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. We reject respondent's argument that the issue of statutory tolling is outside the scope of the certificate of appealability, which certified the issue "whether the district court properly dismissed appellant's petition as untimely under 28 U.S.C. § 2244(d)(1)."

because "by its plain terms § 2244(d)(2) requires tolling during the pendency of a properly-filed state petition." *Corjasso v. Ayers,* 278 F.3d 874, 879 (9th Cir.2002).

Respondent also argues that assuming the correctness of Pechickjian's contention, his petition still was untimely because under *Carey v. Saffold,* 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), he unreasonably delayed eight and one-half months after the superior court denied his habeas petition before filing a petition in the Court of Appeal. As the district court concluded, respondent's argument lacks merit. *See Gaston v. Palmer,* 387 F.3d 1004, 1016 (9th Cir.2004) (holding that if California court considered habeas application on merits, then tolling allowed even during long interval before filing of next application).

Because the district court erred in holding that the filing of an intervening federal petition interrupted the tolling of the statute of limitations under § 2244(d)(2), the court erred in dismissing Pechickjian's habeas petition as untimely.

VACATED and REMANDED.