**Kirkland O'HARA, Petitioner—Appellant,**

v.

**James HALL, Warden, Respondent—Appellee.**

**No. 04–55490.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided July 22, 2005.

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Kirkland O'Hara, Blythe, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, Warren P. Robinson, DAG, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, KOZINSKI and BERZON, Circuit Judges.

### MEMORANDUM *

■ **1.** Destruction of petitioner's legal materials, the warden's delay in verifying that prison officials had destroyed them, the California Supreme Court's erroneous statement that it had not received any filings from petitioner and its failure to respond to petitioner's request for clarification constituted "extraordinary circumstances" sufficient to justify equitable tolling until petitioner received the warden's declaration. *See Lott v. Mueller,* 304 F.3d 918, 924 (9th Cir.2002); *Corjasso v. Ayers,* 278 F.3d 874, 878 (9th Cir.2002). The warden's declaration confirmed that "the loss of [petitioner's] original Petition by the searching correctional officers ha[d] hindered his access to the courts." Petitioner could reasonably have believed that his own declaration would be insufficient to establish the destruction of the documents, and that the warden would be unwilling to provide confirmation once petitioner filed his federal habeas petition. After receiving the warden's declaration, petitioner filed his federal petition within five weeks, much less than the time he had left under AEDPA's one-year statute of limitations at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the time his legal materials were destroyed. The petition was therefore timely.

■ 2. We construe the uncertified issue briefed on appeal as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). We conclude that there has been no substantial showing of a denial of a constitutional right, and therefore deny the motion. *See* 28 U.S.C. § 2253(c)(2).

**REVERSED AND REMANDED.**