MEMORANDUM ***
Petitioner Timothy Jones appeals the district court’s order dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court’s dismissal of Jones’ habeas petition de novo, Griffin v. Johnson, 350 F.3d 956, 960 (9th Cir.2003), and we reverse and remand.
The district court erred when it concluded that Jones had failed to demonstrate reasonable diligence in pursuing his petition and was therefore not entitled to equitable tolling. In considering diligence in the context of a request for equitable tolling, we typically have focused on whether the petitioner unjustifiably delayed in pursuing his petition. See, e.g., Guillory v. Roe, 329 F.3d 1015, 1017 (9th Cir.2003); Corjasso v. Ayers, 278 F.3d 874, 879 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). After Jones’ first federal petition was dismissed without prejudice, he quickly sought to exhaust his claims in state court, filing his second state petition only five days later. And once the California Supreme Court denied his state petition, Jones returned to federal court only eleven days later.
The district court concluded that two procedural failures by Jones, then proceeding pro se, demonstrated a lack of diligence. But there is no evidence that those failures were the result of any lack of diligence, and they are more readily attributable to Jones’ lack of legal exper *505 tise. See Corjasso, 278 F.3d at 879 (ignoring the pro se petitioner’s procedural errors in considering the question of diligence).
We hold that equitable tolling is appropriate during the period that Jones reasonably believed that his claims had been exhausted (December 9, 2004, through January 31, 2005) and during the subsequent period when Jones tried to exhaust his claims in state court, due to the extraordinary circumstances Jones was subject to (April 11, 2005, through April 12, 2006). Therefore, Jones’ petition is not barred by the applicable statute of limitations.
We construe Jones’ arguments regarding an uncertified issue as a motion to expand the certificate of appealability, and we deny the motion. See 9th Cir. R. 22-1(e); see also Robbins v. Carey, 481 F.3d 1143,1147 (9th Cir.2007).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.